UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK TECHNOLOGY FINANCE, LLC,<br><br>        Plaintiff,<br><br> - *against* -<br><br>FAISAL SYED<br><br>        Defendant. | 08 CIV 6192<br><br>**COMPLAINT** |

  Plaintiff, NEW YORK TECHNOLOGY FINANCE, LLC, as and for its complaint against the defendant, FAISAL SYED, respectfully states and alleges as follows:

## PARTIES

  1. Plaintiff, New York Technology Finance, LLC ("NYTF") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 4041 MacArthur Boulevard, Suite 260, Newport Beach, California 92660.

  2. Defendant Faisal Syed ("Syed") is, upon information and belief, an individual citizen of Canada, residing at 12 Kingsbrook Court, Mendham, New Jersey 07945.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(2), in that the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

4.  Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

5.  Defendant Syed is subject to the personal jurisdiction of this Court by reason of the fact that he transacts business in the State of New York as provided in section 302(a)(1) of the New York Civil Practice Law and Rules.

## CLAIM FOR RELIEF

6.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 4 above, as if fully set forth herein.

7.  Plaintiff, NYTF, entered into an Agreement to Provide Assistance with Liquidation ("Assistance Agreement") dated as of February 11, 2008, whereby defendant Syed agreed to provide assistance to NYTF with the liquidation of certain inventory (the "UCA Inventory") that had been purchased on behalf of NYTF by UCA Global, Inc. ("UCA") and the collection of accounts receivable (the "UCA Accounts") arising from sales arranged by UCA on behalf of NYTF.

8.  Specifically, defendant Syed agreed pursuant to the Assistance Agreement that he would, among other things:

(i) assist with the liquidation of UCA Inventory on behalf of NYTF and in such capacity, negotiate the terms and conditions of the sale of such UCA Inventory, and accurately account for and report the liquidation of the UCA Accounts; and

(ii) assist with the billing and collection processes associated with the UCA Accounts, including, without limitation, ensuring that all payments and other amounts remitted in connection with the UCA Accounts are directed to NYTF's specified lockbox account and accurately account for and report the collection of the UCA Accounts.

9. Pursuant to paragraphs 2(a)(i)(1), (b) and (c) of the Assistance Agreement, defendant Syed agreed to collect and remit to NYTF, and guaranteed remittance to NYTF, by June 15, 2008, the amount of $1,220,665, said amount representing the book value of the UCA Inventory (the "Schedule A Book Value").

10. As of June 15, 2008 defendant Syed had remitted to NYTF only the amount of approximately $760,665 collected on liquidation of the UCA Inventory, leaving an amount due and owing to NYTF of approximately $460,000.

11. Pursuant to paragraphs 2(a)(i)(2), (b) and (c) of the Assistance Agreement, defendant Syed agreed to collect and remit to NYTF, and guaranteed remittance to NYTF, by June 15, 2008, the amount of $1,579,606.

12. As of June 15, 2008 defendant Syed had remitted to NYTF only the amount of approximately $1,305,942 collected on the UCA Accounts, leaving an amount due and owing to NYTF of $273,664.

13. Pursuant to paragraph 2(a)(i)(3) of the Assistance Agreement, defendant Syed agreed to remit to NYTF by June 15, 2008 the sum of the amounts of all direct out-of-pocket costs, fees and expenses actually incurred by NYTF or incurred by Syed and paid by NYTF, in connection with the liquidation of the UCA Inventory and the collection of the UCA Accounts (hereinafter, the "NYTF Expenses").

14. As of June 15, 2008 the NYTF Expenses due and owing from defendant Syed amounted to approximately $178,000.

15. The sum of the amounts due and owing to NYTF pursuant to paragraphs 2(a)(1), (2) and (3) was denominated in the Assistance Agreement as the "NYTF Amount."

16. Paragraphs 2(a)(i)(3) and 2(a)(ii) of the Assistance Agreement further provided that the NYTF Amount shall be adjusted to include the book value of any additional amounts of inventory, accounts receivable or amounts related thereto of which the parties become aware as a result of performance of the agreement or otherwise.

17. The Schedule A (Inventory) and Schedule B (Accounts) Book Values contained in Schedules A and B to the Assistance Agreement were calculated as of the the date of the Assistance Agreement. Under a certain Amended and Restated Management Services Agreement ("MSA") to which NYTF and defendant Syed were parties, Syed was required to prepare and did prepared NYTF/UCA financial reports dated November 30, 2007 that showed a "balanced" NYTF/UCA balance sheet, containing on its face detail to support the key numbers on the balance sheet. The MSA was terminated on January 11, 2008, prior to the December 31, 2007 NYTF/UCA financial reports being finalized. When following the termination of the MSA plaintiff

4

NYTF attempted to roll forward the balances from the November 30, 2007 balance sheet to the December 31, 2007, a shortfall of assets relating to the UCA Inventory Schedule A Book Value and/or the UCA Accounts Schedule B Book Value, in the amount of approximately $1,500,000 (the "Asset Shortfall") was revealed.

18.     Defendant Syed acknowledged the approximately $1,500,000 shortfall in assets. Defendant Syed specifically requested that NYTF and/or its parent, Global Technology Finance LLC, fund interim transactions whose proceeds would be used to be applied against the $1,500,000 shortfall. To date, such proceeds in the amount of approximately $50,000 have been generated by such interim transactions and applied against the shortfall, thereby reducing the net shortfall in assets to approximately $1,450,000.

19.     By reason of the foregoing, the amount as to which defendant Syed guaranteed payment by June 15, 2008 under the Assistance Agreement (the "Guaranteed Amount") was at least $2,361,664.

20.     Despite due demand, defendant Syed has failed and refused to pay all or any portion of the Guaranteed Amount of at least $2,361,664 owed to plaintiff.

21.     By reason of the foregoing, defendant Syed has breached the Assistance Agreement.

22.     By reason of the foregoing, plaintiff NYTF has been damaged by defendant Syed's breach in an amount to be proven at trial, but that in any event is not less than $2,361,664.

WHEREFORE, plaintiff, New York Technology Finance LLC, demands judgment on its Claim for Relief against the defendant, Faisal Syed, awarding damages in the amount of $2,361,664, together with interest thereon at the legal rate from June 15, 2008 and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 2, 2008

            **EDWARD F. WESTFIELD, P.C.**
            Attorney for Plaintiff
                s/*Edward F. Westfield*
            By:_____
                Edward F. Westfield (EW2030)
            274 Madison Avenue – Suite 1601
            New York, NY 10016-0701
            (212) 532-6625